McDONALD, Justice,
dissenting.
I would limit the lobbying activities of The Florida Bar to the five subject areas which the Judicial Council recognized as “clearly justifying legislative activities” by the bar.
While there is some question on portions of the five subjects that the council finds clearly justified, the overwhelming view is that it is appropriate for The Florida Bar to participate in legislative activities in these designated areas. Few disagree that these areas fall within the stated purpose of the mandated membership of The Florida Bar. On the other hand, though supported by the majority of the board of governors of The Florida Bar, the council’s suggestion that the bar may lobby on issues of great public interest and in matters that lawyers are especially suited to and that affect the rights of those likely to come into contact with the judicial system has drawn serious comments and criticism. Some suggest that these criteria are so broad as to be a complete exception to any set of principles. I agree with this.
What distinguishes The Florida Bar from most other organizations is that all lawyers licensed in Florida must belong to it in order to practice their profession. It is this compulsory membership requirement that presents the strongest obstacle to the bar’s discretionary lobbying under discussion. Many lawyers, because of their clients’ interests or personal predilections, are in disagreement with positions of The Florida Bar on substantive issues and yet are compelled to be a member of an association espousing causes contrary to their beliefs. This presents some first amendment implications. Even without this concern, it appears to me that, except for matters directly attributable to the purpose of The Florida Bar, it is unwise and improper to compel membership and extract dues for causes or political goals antithetical to the beliefs or interests of individual members. In those matters falling outside the direct stated purpose of The Florida Bar it is better to leave lobbying activities to voluntary bar groups such as sections, political action committees, and the like. The lobbying activity of The Florida Bar should be restricted to the five “clearly justified” areas described in the council’s report.
The majority does recognize that before taking legislative action it is incumbent on the board of governors first to find that the subject matter is one in which the organized bar should become actively involved. That decision should be determined on whether the proposed action comes within the definition of the stated purposes of The Florida Bar and as restricted by the five clearly defined areas.
I heartily approve of the concept that ready access to this Court be provided for a speedy resolution of issues questioning the propriety of the bar’s lobbying decisions. I trust that the board will act with such circumspection that such challenges will be few and without merit. This will be true if lobbying activities not clearly within the stated purposes of The Florida Bar are left with individual sections, or special groups. No restrictions extend to individual members of the bar; restrictions do and should extend to activities by or in the name of The Florida Bar.